FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 20 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 08-CR-617 |
| v. | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| SONIA MONTALBAN CEDENO, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted).

1

On November 6, 2008, Sonia Montalban Cedeno pled guilty to the lesser-included offense within count two of a two-count indictment, which charged that on August 7, 2008 the defendant possessed with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).

Montalban Cedeno was sentenced on January 4, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be 15 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 18 and 24 months. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 841(b)(1)(c). The guidelines range of fine was from $4,000 to $1,000,000. The underlying charges in the indictment were dismissed upon motion by the government.

Montalban Cedeno was sentenced to time served and three years supervised release. A $100 special assessment was imposed. No fine was imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and Booker.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense of possession of a

2

dangerous drug, cocaine, with intent to distribute is serious. The defendant's character nevertheless appears to be generally good. She was raised in difficult economic conditions, has lived most of her life in poverty, and has children and grandchildren in Puerto Rico. In recent years, the defendant has experienced notable health issues, including a significant stroke, repeated hospitalizations, and severe memory problems. The defendant has been in custody since the time of her arrest in August 2008, approximately seventeen months. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug trafficking or distribution will result in a substantial prison sentence. Specific deterrence is satisfied through the substantial time already served and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that she will engage in further criminal activity in light of her age, her significant health problems, and the probable support of family members in Puerto Rico, where her supervision will be transferred for the period of supervised release.

Jack B. Weinstein
Senior United States District Judge

Dated: January 14, 2010
Brooklyn, New York